NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CEDRIC WARREN,<br><br>*Plaintiff*,<br><br>v.<br><br>ARRO-MARK CO. LLC., et al.,<br><br>*Defendants*. | Civil Action No. 25-15154<br><br>**OPINION AND ORDER**<br><br>July 14, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Arro-Mark Co., LLC ("Arro-Mark") and Diane Pappageorge's (collectively, "Defendants") Notice of Removal filed on August 26, 2025. (ECF 1, "Notice of Removal.") Magistrate Judge Michael A. Hammer issued a Report and Recommendation opining that this matter should be remanded for lack of subject matter jurisdiction. (ECF 8, "R&R".) Defendants subsequently objected. (ECF 10, "Defendants' Objections" or "Def. Obj.") The Court reviewed the submissions and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **ADOPTS** Judge Hammer's R&R and **REMANDS** this matter to the Superior Court of New Jersey, Law Division, Essex County.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

*Pro se* Plaintiff Cedric Warren is a New Jersey resident and former employee of Defendant Arro-Mark, a New Jersey limited liability company. (*See* ECF 1-3, "Second Amended Complaint"

---

[1] The Court draws the facts and procedural background from the Notice of Removal and Second Amended Complaint. (Notice of Removal; ECF 1-3, "Second Amended Complaint" or "SAC.")

1

or SAC" at 13.)  Defendants Diane Pappageorge and Suzanne Meneilly are Arro-Mark employees and the daughters of Arro-Mark's owner, Defendant George Pappageorge.  (*Id.* at 14.)

On November 11, 2022, Arro-Mark initiated a case against Plaintiff in the present matter, (Civil Action No. 22-6663, "Federal Case").  (Notice of Removal ¶ 4.)  Arro-Mark alleges nine counts against Plaintiff, including misappropriation of trade secrets under both the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, and the New Jersey Trade Secrets Act, N.J. Stat. Ann. § 56:15-1 *et seq.*, violations of federal and state anti-trust laws, civil conspiracy, tortious interference with prospective economic advantage, unjust enrichment, common law misappropriation, and breach of loyalty.  (*Id.*)  The Federal Case remains in active litigation.

On November 1, 2024, Plaintiff initiated the instant action in New Jersey state court against Defendants Arro-Mark, George Pappageorge, Diane Pappageorge, and Suzanne Meneilly, (Civil Action No. ESX-L-7640-24, "State Case"), alleging wrongful termination.  (SAC at 8, 13.)  On August 12, 2025, Plaintiff served Arro-Mark and Diane Pappageorge,[2] who subsequently removed the State Case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  (Notice of Removal ¶¶ 2, 8.)  On September 22, 2025, Judge Hammer ordered Defendants to show cause on whether and how subject matter jurisdiction exists in the State Case.  (ECF 5.)  On September 26, 2025, Defendants filed a letter brief that argues for federal question jurisdiction because Plaintiff's termination arises from the same set of facts at issue in the Federal Case, and consolidation of the State and Federal Cases benefits judicial economy.  (ECF 6.)

On October 29, 2025, Judge Hammer issued his Report and Recommendation, recommending remand due to lack of subject matter jurisdiction. (R&R.) Judge Hammer reasoned

---

[2] Whether George Pappageorge and Suzanne Meneilly have been served remains unclear.  (R&R at 2.)

that Defendants failed to show a federal question on the face of Plaintiff's SAC under the well-pleaded complaint rule. (*Id.* at 5-7.) On November 11, 2025, Defendants filed timely objections to the Report and Recommendation. (Def. Obj.) Defendants again argue for judicial economy and caution that remand could result in inconsistent judicial decisions. (*Id.* at 5-8.)

## II.    LEGAL STANDARD

When a magistrate judge addresses dispositive issues, such as remand, the magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); L. Civ. R. 72.1(a)(2). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C). Unlike an opinion and order issued by a magistrate judge, a report and recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See, e.g.*, *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). On dispositive issues, the district court must make a *de novo* determination of the portions of the magistrate judge's report and recommendation to which a litigant has filed objections. § 636(b)(1)(C); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 400-01 (D.N.J. 1990).

## III.    ANALYSIS

After reviewing the R&R *de novo*, this Court agrees in all respects with Judge Hammer's reasoning and finds that Defendants' Objections fail to prove subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute .... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction in federal

3

court falls within two categories: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, which encompasses disputes between citizens of different states alleging an amount in controversy in excess of $75,000; and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331, which encompasses disputes "arising under the Constitution, laws, or treaties of the United States." Federal courts may also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which states: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Here, Defendants do not dispute Judge Hammer's finding that federal jurisdiction is not present in the State Case because Plaintiff brings only a state law wrongful termination claim and his relief does not depend on the resolution of any federal question.[3] (R&R at 5-6; *see* Def. Obj.) Yet Defendants argue that this Court has supplemental jurisdiction over the "jurisdictionally insufficient state-law claims" in the State Case.[4] (Def. Obj. at 5-6 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484, U.S. 343, 350 (1988)).) Defendants reason that remand of the State Case triggers "duplicative" discovery of the Federal Case, which would be "time consuming and expensive," and "considerations of efficiency, fairness, and judicial economy weigh against [remand]." (*Id.* at 5 (quoting *Zambelli Fireworks*

---

[3] The Court does not address diversity jurisdiction as Defendants have not alleged that the parties meet the requirements of 28 U.S.C. § 1332.

[4] Although Defendants refer to "the doctrine of pendent jurisdiction" in their Objections, (Def. Obj. at 5-6), this Court refers to supplemental jurisdiction because Congress codified the doctrine of pendent jurisdiction as supplemental jurisdiction. 28 U.S.C. § 1367; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) ("The supplemental jurisdiction statute codifies . . . the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.").

*Mfg. Co. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010)).)  Defendants essentially ask this Court to consolidate the State and Federal Cases pursuant to Federal Rule of Civil Procedure 42(a), thereby converting Plaintiff's state law claim in the State Case into a counterclaim in the Federal Case. (*Id.* at 8.)  Tellingly, Defendants do not cite to any precedent—binding or persuasive—to support such a request.  And this Court is not aware of any precedent that suggests supplemental jurisdiction empowers a district court to consolidate a state action with a federal action on judicial economy grounds, absent an independent basis for subject matter jurisdiction.

Indeed, Rule 42(a) does not confer subject matter jurisdiction over a case where none exists.  *See Hall v. Hall*, 584 U.S. 59, 76 (2018) (noting that actions "do 'not lose their separate identities because of … consolidation' under Rule 42(a)" and "[e]ach case ... must be considered separately to determine whether or not this Court has jurisdiction to consider its merits").  Rather, Rule 42(a) is a case-management tool that permits consolidation of cases properly before the Court. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may … consolidate the actions.").  The Second Amended Complaint contains only a state law wrongful termination claim.  (R&R at 5-6.)  Therefore, it is devoid of a federal question, and the Court must remand the State Case due to lack of subject matter jurisdiction under the well-pleaded complaint rule.  (*Id.* at 6); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

To be sure, supplemental jurisdiction also does not confer subject matter jurisdiction over a state law claim in a separate case where none exists.  The language of the supplemental jurisdiction statute is clear: it applies to "related … claims *in the action*" that the district court has

original jurisdiction over; it does not apply to related claims across two separate actions. § 1367(a) (emphases added); *see, e.g., Jalon v. Bank of Am.*, No. 22-4039, 2023 WL 6429607, at *3 (E.D. Pa. Sept. 29, 2023) ("[A]ny state law *claims* that are 'so related' to the claims over which the federal court has original jurisdiction must be contained *in the same action* as the federal claim…. [T]he supplemental jurisdiction statute is *not* an *independent source* of *removal* jurisdiction. It does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action." (emphasis in original)). Although this Court could potentially exercise supplemental jurisdiction over a state law claim in the Federal Case that are "so related" to the federal law claims that "they form part of the same case or controversy," it cannot invoke supplemental jurisdiction over the state law claim in the State Case where Defendants argue relation to the Federal Case. 28 U.S.C. § 1367(a); *see Jalon*, 2023 WL 6429607, at *3.

Finally, Defendants warn of a "high likelihood" that the state court issues an opinion or order that "directly contradicts" this Court. (Def. Obj. at 7.) First, the potential for inconsistent judicial decisions does not confer subject matter jurisdiction. Second, this Court agrees with Judge Hammer's assessment that New Jersey courts "have appropriate means" to ensure "efficient judicial management" of a state case while "a related case is pending in [this Court]." (R&R at 7 (quoting *Kaselaan & D'Angelo Assocs., Inc. v. Soffian*, 675 A.2d 705, 709 (N.J. Super. Ct. App. Div. 1996)).) For example, "the [State Case] may, as a matter of sound discretion, be stayed by [the New Jersey] courts until the prior [Federal Case] has been adjudicated." *Kaselaan & D'Angelo Assocs., Inc.*, 675 A.2d at 709.

IV.    **CONCLUSION**

Plaintiff's claim does not arise under federal law and therefore may not be removed to federal court.  For the reasons stated above,

**IT IS,** on this **14th day of July 2026**,

1. **ORDERED** that Judge Hammer's Report and Recommendation (ECF 8) is **ADOPTED**; and it is further

2. **ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Essex County; and it is finally

3. **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**SO ORDERED.**


*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**


Orig:  Clerk
cc:    Andre M. Espinosa, U.S.M.J.
       Parties

7